IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILAGROS MORALES VELEZ,

      Plaintiff,

      v.                                                              CIVIL NO. 09-1970 (BJM)

SERVIDORES PUBLICOS UNIDOS DE
PUERTO RICO,

      Defendant.

## OPINION AND ORDER

Milagros Morales Vélez ("Morales") sued Servidores Publicos Unidos de Puerto Rico ("SPU") alleging retaliation under Title VII following a complaint of sexual harassment. (Docket No. 7). This case is before me on the consent of the parties. (Docket No. 16). Before the court is SPU's motion to dismiss on *Colorado River* abstention and *res judicata* grounds. (Docket No. 46). Morales opposed. (Docket No. 59). For the reasons that follow, the motion to dismiss is **denied**.

## *COLORADO RIVER* ABSTENTION

### A.    Standard for *Colorado River* Motion to Dismiss

Motions for dismissal under the *Colorado River* doctrine are not contemplated by the Federal Rules of Civil Procedure, but are nonetheless analyzed under Rule 12(b). See 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1360 (3d ed. 2004) (discussing motions to stay or dismiss because other actions are pending). Because the motion asks the court to decline jurisdiction over the case, the factfinding framework applicable to Rule 12(b)(1) motions is appropriate. See Montgomery v. Montgomery, 764 F.Supp.2d 328, 330 n. 1 (D.N.H. 2011) (treating abstention motion as 12(b)(1) motion); Tartak Tartak v. Tartak del Palacio, 2010 WL 3960585, at **3–4 (D.P.R. Aug. 9, 2010), analysis adopted in 2010 WL 3960572, at *9 (D.P.R. Sept. 30, 2010) (same).

The standard for evaluating a factual challenge to subject matter jurisdiction is determined in a two-part inquiry. Torres-Negron v. J&N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007). First, the court must determine whether the jurisdictional facts "also implicate elements of the

**Milagros Morales Vélez v. Servidores Públicos Unidos de Puerto Rico**            Page 2
CIVIL NO. 09-1970 (BJM)
**OPINION AND ORDER**

plaintiff's cause of action." Id. at 163.  If so, the summary judgment standard should be applied to

the challenge; if not, the court "is free to weigh the evidence and satisfy itself as to the existence of

its power to hear the case." Id. (quoting Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Here, Morales's complaint alleges retaliation under Title VII.  (Docket No. 7).  The relevant

factual inquiry is whether there is parallel litigation in the Puerto Rico courts.  This question is not

intertwined with the merits of Morales's complaint; therefore, it is proper to weigh the evidence

submitted here.

**B.      Discussion**

"[W]here a suit is strictly *in personam*, both a state court and a federal court having

concurrent jurisdiction may proceed with the litigation . . . ." Rojas-Hernández v. Puerto Rico Elec.

Power Auth., 925 F.2d 492, 495 (1st Cir. 1991) (quoting Penn General Casualty Co. v. Pennsylvania,

294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935)).  An extremely narrow exception arises

where there are "'considerations of wise judicial administration' that counsel against duplicative

lawsuits" and the "'clearest of justifications warranting dismissal.'"  Jiménez v. Rodríguez-Pagán,

597 F.3d 18, 27 (1st Cir. 2010) (quoting Colorado River Water Conservation Dist. v. United States,

424 U.S. 800, 817, 819 (1976)).

There is no need to weigh the circumstances here, as there is no litigation in the Puerto Rico

courts to defer to.  The case in the Puerto Rico court cited by SPU in its motion has since been

dismissed. (Docket No. 65-4, p. 4).  SPU's motion to dismiss on abstention grounds is denied.

***RES JUDICATA* DEFENSE**

**A.      Standard on Motion to Dismiss on *Res Judicata* Grounds**

As an affirmative defense, *res judicata* ordinarily must be pleaded in the defendant's answer.

Fed. R. Civ. P. 8(c).  However, "where the substantive rights of parties are not endangered, it is

within the discretion of the district court to permit [*res judicata*] to be raised by motion." Díaz-Buxo

v. Trias Monge, 593 F.2d 153, 154 (1st Cir. 1979).  This motion may be analyzed under the Rule

12(b)(6) standard.  See Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000)

**Milagros Morales Vélez v. Servidores Públicos Unidos de Puerto Rico**                    Page 3
CIVIL NO. 09-1970 (BJM)
**OPINION AND ORDER**

(motion to dismiss standard could have applied to *res judicata* motion if not converted to summary judgment); see also Charles Alan Wright et al., 5B Federal Practice and Procedure § 1357 (3d ed. 2004) (collecting cases deciding *res judicata* motion under Rule 12(b)(6)).

At the motion to dismiss stage, "the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." Pérez-Acevedo v. Rivero-Cubano, 520 F.2d 26, 29 (1st Cir. 2008). If a court considers matters outside the pleadings, it must give notice to the parties and convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). No conversion need occur when the district court "chooses to ignore the supplementary materials" provided by the parties. Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992). However, the court may consider matters of public record, including documents from prior state court adjudications, without converting the motion. Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000).

SPU's motion will be evaluated under the Rule 12(b)(6) standard without conversion to a motion for summary judgment. Although the parties attached and relied on exhibits to their respective motions, only the Puerto Rico final judgments (Docket No. 65-2; Docket No. 65-4, p. 4) and Morales's complaint in San Juan Superior Court (Docket No. 51-3) will be considered here.

**B.      Factual Background**

Morales sued the Department of Transportation and Public Works ("DTOP") and the Puerto Rico government in the San Juan Superior Court on June 29, 2007. (Docket No. 51-3). Morales's Superior Court complaint alleged that José Cruz González ("Cruz"), a delegate of SPU, sexually harassed her. (Id. at ¶ 9). She alleged that DTOP failed to respond to her complaints about Cruz's behavior, and that she was subject to a hostile work environment. (Id. at ¶¶ 50–57). She alleged that Cruz filed a complaint against her in retaliation for her filing a complaint of sexual harassment. (Id. at ¶¶ 59–62). Morales settled with DTOP and obtained a judgment dismissing her claim with prejudice on November 17, 2010. (Docket No. 65-4, p. 4). The settlement agreement was incorporated by reference into the judgment but has not been submitted in the present case. (Id.).

**Milagros Morales Vélez v. Servidores Públicos Unidos de Puerto Rico**                    Page 4
CIVIL NO. 09-1970 (BJM)
**OPINION AND ORDER**

## C.     Discussion

The defendant to an action has the burden of establishing the affirmative defense of *res judicata*. Dillon v. Select Portfolio Servicing, 630 F.3d 75, 80 (1st Cir. 2011); Rogondino v. Paolillo, — F.Supp.2d. —, 2011 WL 2199352 (D.P.R. June 6, 2011). Puerto Rico law determines the preclusive effect of a Commonwealth court's judgment. Barreto-Rosa v. Varona-Mendez, 470 F.3d 42, 45 (1st Cir. 2006). Puerto Rico's *res judicata* doctrine encompasses both claim preclusion and issue preclusion. Cruz-Berríos v. González-Rosario, 630 F.3d 7, 12 (1st Cir. 2010). To have preclusive effect, a prior judgment must be "final and unappealable." Barreto-Rosa, 470 F.3d at 45. A voluntary dismissal with prejudice is considered final and unappealable under Puerto Rico law. Id. at 45-46 (citing Medina v. Chase Manhattan Bank, 737 F.2d 140, 142 (1st Cir. 1984)).

SPU alleges that both claim preclusion and issue preclusion bar Morales's suit. At the time SPU filed the motion to dismiss, the Superior Court had not entered a final judgment. However, Morales has since dismissed her complaint with prejudice; therefore, it is necessary to analyze whether SPU has established either claim preclusion or issue preclusion.

### 1.     *Claim Preclusion*

Claim preclusion bars the litigation of claims that were or could have been litigated in a prior adjudication. Cruz-Berríos, 630 F.3d at 12. There must be "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." 31 L.P.R.A. § 3343. The identity of parties requirement is satisfied where there is privity between the past and present litigants. R.G. Financial Corp. v. Vergara-Nuñez, 446 F.3d 178, 185 (1st Cir. 2006). Privity can arise "where one party acts for or stands in the place of another in relation to a particular subject matter." Id. at 187.

SPU does not allege that it was a party to the Superior Court case, but rather that Morales should have joined it as a co-defendant and wrongfully chose not to. (Docket No. 46, p. 6–7). SPU has not argued that it is in privity with DTOP, or that there is any other ground for finding an identity

**Milagros Morales Vélez v. Servidores Públicos Unidos de Puerto Rico**                    Page 5
CIVIL NO. 09-1970 (BJM)
**OPINION AND ORDER**

of parties here.  Without more, the court will not "create the ossature for the argument, and put flesh on its bones."  See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Because SPU has not established every element of claim preclusion, it is not entitled to dismissal of Morales's claims.

### 2.    *Issue Preclusion*

Issue preclusion "forecloses relitigation in a subsequent action of a fact essential for rendering a judgment in a prior action between the same parties, even when different causes of action are involved."  Cruz-Berríos, 630 F.3d at 12 (quoting Gener-Villar v. Adcom Group, Inc., 417 F.3d 201, 205–06 (1st Cir. 2005)).

Here, SPU cannot establish issue preclusion because it has not established which facts were essential for rendering judgment in the Superior Court.  While SPU identified the overlap between the factual grounds for Morales's complaint in Superior Court and her complaint here, this is not enough to conclude that the stipulated judgment reached each and every one of those facts.  It is possible that the stipulations before the Superior Court would shield SPU from liability; it is also possible that they do not.  SPU has not presented the settlement or its stipulations.  Therefore, even assuming the stipulations have issue preclusive effect, it is impossible to evaluate what the stipulations are, and what impact, if any,  they would have on Morales's claims here.  Since SPU has the burden of establishing the defense and has not done so, it is not entitled to dismissal on issue preclusion grounds.

**CONCLUSION**

For the reasons explained above, defendant's motion to dismiss (Docket No. 46) is **DENIED**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 19th day of September, 2011.

*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge